UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENJAMIN ODNEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:19-CV-431-PPS-JEM |
| | ) |
| MIDWEST RECOVERY SYSTEMS LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

After checking his credit report one day, Plaintiff Benjamin Odneal discovered a

debt with a thick layer of dust on it.  The debt was owned by a company named

Midwest Recovery Systems.  Odneal promptly went to Midwest's website to get more

information, and it, in turn, directed him to Midwest's online payment portal.  Odneal

claims Midwest violated the Fair Debt Collection Practices Act (FDCPA) when it failed

to disclose the time-barred nature of the debt and the risk of reviving the debt if he

made a payment.  Midwest moves to dismiss the FDCPA claim and claims for violation

of the Indiana Deceptive Consumer Sales Act (IDCSA) under Rule 12(b)(6).  Because I

find Odneal has properly stated a claim that the communication was in connection with

the collection of a debt and was deceptive, the motion to dismiss will be denied.

### Background

Here are the facts as detailed in the complaint: Odneal lives in Gary, Indiana.  In

November 2019, he noticed a debt on his credit report with a balance of $647, stating the

original creditor was Check Into Cash. [Compl. ¶¶ 11, 12; Ex. A, attached to Compl. as

DE 1-1, at 3.]  Midwest must have acquired the debt, as its name also appears on the

credit report, and under "remarks" it states "placed for collection."  [DE 1-1 at 3.]

Odneal then visited Midwest's website to obtain more information about the

debt, and from there he was directed to Midwest's payment portal. [Compl. ¶ 14.] The

payment portal website states as follows: "[m]ake a payment through the Midwest

Recovery Systems payment gateway. It is fast and secure." [DE 1-2 at 2.]   It also says:

"NOTICE: This communication is from a debt collector.  This may be an attempt to

collect a debt.  Any information obtained would be used for that purpose."  [*Id.* at 3.]

Odneal alleges that when he accessed the payment portal on November 12, 2019, the

debt was "time-barred," meaning if someone were to sue to collect it, the debt fell

outside the applicable statute of limitations and would not be collectible.  [Compl. ¶ 15.]

Although the complaint does not allege that Odneal made any payment, he still

seeks damages claiming he was "forced to hire counsel" due to his fear that Midwest

would continue to try to collect the debt and ultimately cause harm to his credit.

[Compl. ¶¶ 22-23.]  Odneal requests actual, statutory, and punitive damages, as well as

attorney's fees.  [*Id.* ¶¶ 24, 26, "Prayer for Relief," p. 6.]

## Discussion

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must

contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While I

must accept all factual allegations as true and draw all reasonable inferences in the

complainant's favor, I don't need to accept threadbare legal conclusions supported by

purely conclusory statements.  *See Iqbal*, 556 U.S. at 678.  Odneal must allege "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do."  *Twombly*, 550 U.S. at 555.  Making the plausibility determination is "a

context-specific task that requires the reviewing court to draw on its judicial experience

and common sense."  *Iqbal*, 556 U.S. at 679.

FDCPA cases have been prevalent lately, but they typically involve some kind of

dunning letter sent from the debt collector to the debtor either threatening litigation or

just trying to induce them to pay a portion or all of the debt.  The Seventh Circuit has

found that in evaluating whether such letters are a "misleading representation or means

in connection with the collection of any debt" under the FDCPA, the court views the

letter through the lens of an unsophisticated consumer, and considers whether the

dunning letter is likely to deceive such a consumer.  *McMahon v. LVNV Funding, LLC*,

744 F.3d 1010, 1019-22 (7th Cir. 2014) (affirming district court's denial of motion to

dismiss in *Delgado*); *see also Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686-87

(7th Cir. 2017).

This case is a little more novel since Midwest didn't actually reach out and

communicate directly to Odneal via a letter.  Instead, it posted his old debt on his credit

report, and then when Odneal voluntarily went to Midwest's website to see what was

going on, the website directed Odneal to its online payment portal where he could

3

choose to pay the debt.  In trying to figure out if this different factual scenario still fits into the established Seventh Circuit precedent denying motions to dismiss in cases where the communication to collect a debt can be construed as deceptive, we first need to get an overview of the statute itself and its purpose.

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Pantoja*, 852 F.3d at 683 (quoting 15 U.S.C. § 1692(e)).  To accomplish this broad purpose, the Act provides: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  The FDCPA imposes three requirements to establish a violation of federal law: (1) the defendant qualifies as a "debt collector" as defined in section 1962a(6); (2) the communication by the debt collector must have been made "in connection with the collection of any debt"; and (3) the defendant's actions violated one or more substantive provisions of the FDCPA.  *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010).  No one questions that Midwest qualifies as a debt collector; therefore, only the last two elements are at play in this case.

It is well settled that a debt collector violates the Act by suing to collect a consumer debt after the statute of limitations has run, and a debt collector also violates the Act by threatening to sue to collect such a debt.  *Phillips v. Asset Acceptance, LLC*, 736

F.3d 1076, 1079 (7th Cir. 2013) (collecting cases); *Pantoja*; 852 F.3d at 683; *McMahon*, 744

F.3d at 1021 ("[t]he plain language of the FDCPA prohibits . . . threatening to take

actions that the collector cannot take.").  But neither of these scenarios apply here —

Midwest did not sue to collect the debt or threaten to sue Odneal if he did not pay.

Of course, "[e]ven without an express threat of litigation, such collection efforts

offer opportunities for mischief and deception . . . ."  *Pantoja*, 852 F.3d at 684.  So the

Seventh Circuit has implemented disclosure requirements for dunning letters to make

clear that (1) if the debtor makes a partial payment on stale debts he will risk losing the

protection of the statute of limitations, and (2) the law prohibits the collector from suing

to collect an old debt.  *Id.*   Midwest argues that the courts in our circuit have only

required disclosures when: (1) there is a threat of litigation; (2) there is an offer to

"settle"; or (3) there is an offer to "resolve" the account.  [DE 6 at 6.]  It contends that

Midwest's website is different from a direct letter which might require these

disclosures, plus, it offered no settlement or resolution — it simply "allowed" Odneal to

make a payment on the stale debt.  [*Id.* at 7-8.]

It is important to remember that the FDCPA is an extremely broad statute.

Section 1692e is "essentially a rule against trickery."  *Rueda v. Midland Credit Mgmt., Inc.*,

No. 19 C 1739, 2019 WL 3943681, at *1 (N.D. Ill. Aug. 21, 2019) (quotation marks and

citation omitted).  Because the "test for determining whether a debt collector violated §

1962e is objective," the issue is whether failing to include such disclosures has the effect

of misleading the unsophisticated consumer and not whether the debt collector

intended to mislead the consumer. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("the debt collector's subjective intent or belief is not dispositive.").

In addition to the broad nature of the statute in this case, recall that the pending motion is one for dismissal for failure to state a claim. So the only thing I am looking at right now is whether the complaint states a plausible claim. And the pleading standard in this kind of case is rather modest. "In the Seventh Circuit, the pleading standard for a FDCPA claim of this nature is very low." *O'Chaney v. Shaprio & Kreisman*, LLC, No. 02-C-3866, 2004 WL 635060, at *4 (N.D. Ill. Mar. 29, 2004). Basically, "[a] contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)." *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999).

Many aspects of the FDCPA are questions of fact for the jury. *McMahon* establishes that whether an unsophisticated consumer could be confused by a communication relating to an effort to collect a debt is generally a question of fact for a jury. *McMahon*, 744 F.3d at 1019. And whether a communication was sent "in connection with the collection of any debt" is also an objective question of fact. *Ruth v. Triumph P'ships*, 577 F.3d 790, 798 (7th Cir. 2009).

In *Barnett*, the court looked at a disclosure on a payment portal telling the debtor that "we will not sue you for [the debt]" instead of telling the debtor the full truth, which was that they *could not* sue to recover the debt because it was barred by the statute of limitations. *Barnett v. Midland Credit Mgmt., Inc.*, No. 19 C 1839, 2019 WL

6

3825487, at *2 (N.D. Ill. Aug. 15, 2019).  There, the court found the motion to dismiss

must be denied:

> [I]f the Court were asked at this juncture to determine that
> Midland's disclosure was misleading as a matter of law . . . it might
> well decline to do so, leaving the matter for further factual
> development.  But that is not the issue before the Court.  Rather,
> the question posed is essentially the converse: Midland is asking
> the Court to determine that its disclosure was *not* misleading as a
> matter of law.  Given the potential for misinterpretation of the
> statement about why Midland was not suing Barnett, the Court
> cannot make such a determination.  Barnett is entitled to present
> evidence to support his claim that the disclosure was misleading.

*Id.* (emphasis in original).  Because this is also a motion to dismiss, I'm not comfortable

at this juncture finding as a matter of law, that Midwest's actions were not misleading

or deceptive.

Up until this point in the opinion, I've been saying that this case doesn't really fit

the mold of the previous cases since it involves a payment portal that Odneal

voluntarily visited, and just gave Odneal the option to pay the debt (with no threats of

litigation, offers of settlement, or offers to resolve the account).  After this motion to

dismiss was briefed, Judge Shadid in the Central District of Illinois issued three

decisions that Odneal submitted as supplemental authority in this case.  *See Alexander v.

Consumer Adjustment Co., Inc.*, Case No. 1:19-cv-1399-JES-JEH, 2020 WL 1559861 (C.D.

Ill. Apr. 1, 2020); *Tinsley v. Consumer Adjustment Co., Inc.*, Case No. 1:19-cv-1344-JES-

JEH, 2020 WL 1558105 (C.D. Ill. Apr. 1, 2020), and *Cluney v. Meade & Associates, Inc.*,

Case No. 1:19-cv-1354-JES-JEH, (C.D. Ill. Apr. 1, 2020) (unreported, attached as Ex. C,

DE 12-3.).

These cases have the same factual scenarios as here.  The plaintiffs checked their credit reports, learned of a debt, then opened the defendant's website to obtain more information, and were directed to a portal for payment.  Like this case, the debt was time-barred because it fell outside the applicable statute of limitations period, the defendants attempted to collect payment of the debt on the portal, failed to advise the plaintiffs that the debt was unenforceable, and failed to advise plaintiffs that making a partial payment or even acknowledging the debt could remove, waive, or restart the statute of limitations.  While the defendant in *Tinsley* offered options for a "payment plan" and "one time payment," the *Alexander* case is the most similar to the present situation, as that defendant did not make a settlement offer or directly contact the consumer — the website merely contained a portal for payment.  *Tinsley,* 2020 WL 1558105, at *1; *Alexander*, 2020 WL 1559861, at *1.

One of the things Odneal will have to prove to be successful in this case is that a communication was made in connection with the collection of a debt.  The term "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a.  That sounds pretty broad to me.  And since the payment portal can be viewed as having 1) conveyed some information, 2) regarding Odneal's debt (the amount due), and 3) is done through a medium (the portal itself), it is plausible that this could satisfy the statutory definition of a communication, albeit an indirect one.

Additionally, "a communication from a debt collector to a debtor is not covered

8

by the FDCPA unless it is made 'in connection with the collection of any debt.'" *Gburek*

*v. Litton Loan Servicing LP*, 614 F.3d 380, 382 (7th Cir. 2010) (citing 15 U.S.C. §§ 1692c,

1692e).  Here, Midwest's payment portal states: "NOTICE: This communication is from

a debt collector.  This may be an attempt to collect a debt.  Any information obtained

would be used for that purpose." [DE 1-2 at 3.]  As such, it is plausible that this could be

viewed as a communication in connection with the collection of a debt.  As the court in

*Alexander* stated:

> Plaintiff has plausibly alleged Defendants carefully crafted a
> deceptive means to collect stale debts by reporting those debts to
> credit reporting agencies and creating a payment portal knowing
> unsuspecting debtors would find their way to its website.  By doing
> so, Plaintiff alleges Defendant purposely skirted the disclosure
> requirements discussed in *McMahon* and *Pantoja*.  These allegations
> are consistent with the Seventh Circuit's statement in *Pantoja* that
> "the FDCPA prohibits a debt collector from luring debtors away
> from the shelter of the statute of limitations without providing an
> unambiguous warning that an unsophisticated consumer would
> understand."  *Pantoja*, 852 F.3d at 685.

*Alexander*, 2020 WL 1559861, at *6.  I agree with this sound reasoning which is equally

applicable to this case.

It is worth mentioning that this case presents an interesting set of circumstances.

On the one hand, a fair minded person might view this as opportunistic litigation.

After all, Mr. Odneal checked his credit, hired a lawyer and filed this lawsuit in record

time all of which might cause one to wonder whether this is the kind of abusive

collection effort that Congress had in mind when it passed the FDCPA. Yet this entire

set-up where Midwest posts a debt covered in cobwebs on Odneal's credit report and

9

then directs him to the payment portal which "allows" him to pay the stale debt, could

be viewed as "an example of careful and deliberate ambiguity." *Pantoja*, 852 F.3d at 687

(finding "[t]he carefully crafted language, chosen to obscure from the debtor that the

law prohibits the collector from suing to collect this debt or even from threatening to do

so, is the sort of misleading tactic the FDCPA prohibits."). In either event, this case

cannot be resolved on a motion to dismiss. So Midwest's motion is denied.

One other matter needs to be addressed. As noted above, Mr. Odneal has also

brought a state law claim under the IDCSA which prohibits a "supplier" from

committing an "unfair, abusive, or deceptive act, omission, or practice in connection

with a consumer transaction." Ind. Code § 24-5-0.5-3(a). "Supplier" and "consumer

transaction" are defined to include debt collectors and debt collection. *Id.* at § 24-5-0.5-

2. The statutory list of prohibited acts expressly includes violations of the FDCPA. *Id.*

at § 24-5-0.5-3(b)(20). Therefore, because Odneal has stated a claim for violation of the

FDCPA, he has also stated a claim for violation of the IDCSA.

## Conclusion

For the aforementioned reasons, the motion to dismiss [DE 6] is **DENIED**.

SO ORDERED.

ENTERED: April 24, 2020.

 s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT