UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BENJAMIN ODNEAL

        Plaintiff,

-v-

MIDWEST RECOVERY SYSTEMS, LLC

        Defendant.

Case No. 2:19-cv-00431-PPS-JEM

REPORT OF PARTIES' PLANNING MEETING

Plaintiff, Benjamin Odneal ("Plaintiff"), and Defendant, Midwest Recovery Systems, LLC ("Defendant") (collectively, "the Parties"), pursuant to FED. R. CIV. P. 26(f) and LR 16-1(d), jointly submit the following *Report of Parties' Planning Meeting* in advance of the Rule 16 Preliminary Pretrial Conference to be held on May 21, 2020 at 11:00 AM CT.

1. The Parties conferred via electronic mail under FED. R. CIV. P. 26(f) and agreed to this report on May 11, 2020. Geoff B. McCarrell participated for Plaintiff and Boyd W. Gentry participated for Defendant.

2. Jurisdiction. Plaintiff contends that the Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Defendant does not contest jurisdiction at this time.

3. Pre-Discovery Disclosures. The Parties will exchange, but shall not file, Rule 26(a)(1) Initial Disclosures by May 29, 2020.

4. Discovery Plan. The Parties propose the following discovery plan:

Plaintiff intends to conduct discovery on the following subjects:

- how and when the subject debt was incurred to Check Into Cash;
- Defendant's agreement(s) with Check Into Cash relating to the subject debt;
- communications/representations between the Parties relating to the subject debt, including communications/representations made via Defendant's payment portal;
- Defendant's policies, procedures and employee/agent training with respect to maintaining compliance with the FDCPA, or lack thereof, as it relates to the facts of this case;
- Defendant's history of compliance with the FDCPA, or lack thereof, as it relates to the facts of this case; and
- extrinsic evidence (*i.e.*, consumer survey(s)), as necessary.

Defendant intends to conduct discovery on the following subjects:

- Plaintiff's acquisition of the credit report attached to the Complaint
- Plaintiff's Computer system used to access the payment portal
- Plaintiff's alleged damages
- Plaintiff's attorney fee agreement
- The facts giving rise to this case

The last date to complete all discovery is February 26, 2021.

Maximum of twenty-five (25) interrogatories by each party to any other party.
Maximum of three (3) depositions by Plaintiff and three (3) by Defendant.
Each deposition is limited to a maximum of six (6) hours unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

- October 30, 2020, for Plaintiff;
- November 27, 2020, for Defendant; and
- January 29, 2021, for Rule 26(e) supplements.

5. Other Items.

- The last date Plaintiff may seek permission to join additional parties and to amend the pleadings is August 28, 2020.
- The last date Defendant may seek permission to join additional parties and to amend the pleadings is September 25, 2020.
- The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate order.
- The case should be ready for jury trial by August 2021 and at this time is expected to take approximately two (2) or three (3) days.

6. Alternative Dispute Resolution.  The case's settlement prospects may be enhanced via the following ADR procedure: settlement conference or mediation at or near the close of discovery. However, the Parties will endeavor to settle this case without resorting to ADR.

DATED this 11th day of May, 2020.                    Respectfully Submitted,

 /s/ Boyd W. Gentry                                                   /s/ Geoff B. McCarrell
Boyd W. Gentry #0071057                                Geoff B. McCarrell #0086427
LAW OFFICE OF BOYD W. GENTRY, LLC            CONSUMER LAW PARTNERS, LLC
*Attorney for Defendant*                                       *Attorney for Plaintiff*