UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENJAMIN ODNEAL<br><br>              Plaintiff,<br><br>-v-<br><br>MIDWEST RECOVERY SYSTEMS, LLC<br><br>              Defendant. | Case No. 2:19-cv-00431-PPS-JEM |

PLAINTIFF'S MOTION FOR DISMISSAL OF ACTION WITH PREJUDICE

Plaintiff, Benjamin Odneal ("Plaintiff"), through his undersigned counsel, hereby moves the Court pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiff's claims against Defendant, Midwest Recovery Systems, LLC ("Defendant"), with prejudice, with each party bearing its own costs and attorneys' fees. In support of this motion, Plaintiff states as follows:

(1) Plaintiff's deposition was scheduled to be taken by Defendant on June 19, 2020.

(2) The morning of June 19, 2020, Plaintiff expressed to his counsel his unwillingness to appear for his deposition later that day. Counsel for Plaintiff immediately notified Defendant's counsel of this turn of events and, in good faith, offered to pay for any expenses incurred by Defendant in connection with the late cancellation of the deposition.

(3) Later on June 19, 2020, due to his unwillingness to be deposed by Defendant, Plaintiff offered to immediately dismiss the action with prejudice. In doing so, counsel for Plaintiff drafted a stipulated dismissal with prejudice and e-mailed the proposed filing to Defendant's counsel

for his review and comment. Defendant's counsel indicated that he was waiting on his client's approval of the proposed stipulated dismissal.

(4) On June 22, 2020, rather than responding to Plaintiff's offer of a stipulated prejudicial dismissal, Defendant instead determined to continuing litigating this matter by filing a Notice of Withdrawal of Affirmative Defenses [19] and a Response to Plaintiff's Rule 12(f) Motion [20].

(5) On June 22, 2020 and June 23, 2020, Plaintiff's counsel repeatedly attempted to contact counsel for Defendant regarding Defendant's position to Plaintiff's offer of an immediate stipulated prejudicial dismissal. To date, Defendant's counsel has failed to respond. As such, Plaintiff is now duty-bound to file this motion.

(6) Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may request that the court dismiss her claim, without the consent of the other parties in the action, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). After service of an answer or motion for summary judgment, courts enjoy wide discretion in considering Rule 41 motions. Under these circumstances, dismissal is not automatic, and the court, in its discretion, may issue an order dismissing the case. *Id.* A Rule 41(a)(2) motion should be granted unless a defendant can show it will suffer some "plain legal prejudice" as a result of the dismissal. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007). Some district courts have concluded that fees and/or costs should not ordinarily be imposed on a plaintiff as a condition of a Rule 41(a) motion. *See, e.g., Internmatch, Inc. v. Nxtbigthing, LLC*, 2016 WL 540812, at *2 (N.D. Cal. Feb. 11, 2016); *see also Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). In the Seventh Circuit, attorneys' fees may be imposed as a consequence of voluntary dismissal only under <u>exceptional circumstances</u> or pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("fees are not awarded when a plaintiff obtains a dismissal with

prejudice because the 'defendant cannot be made to defend again'") (quoting *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965)) (emphasis added); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[A] defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances.").

(7) Exceptional circumstances do not exist here to warrant sanctions against Plaintiff or his undersigned attorneys. Plaintiff's Complaint was not filed in bad faith or to harass Defendant, and Defendant will not suffer any plain legal prejudice as a result of the immediate dismissal of this lawsuit with prejudice. In fact, Plaintiff prevailed on Defendant's motion to dismiss [6] which, notably, did not include any assertion by Defendant that Plaintiff's Complaint was filed in bad faith.

WHEREFORE, Plaintiff, Benjamin Odneal, respectfully requests that this Court grant the relief sought in this motion and enter an Order dismissing this action with prejudice, with each party bearing its own costs and attorneys' fees.

DATED this 24th day of June, 2020.　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Geoff B. McCarrell
　　　　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell #0086427
　　　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave, Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　geoff.m@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Benjamin Odneal*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Plaintiff's Motion for Dismissal of Action With Prejudice* is being filed electronically with the United States District Court for the Northern District of Indiana, on this 24th day of June, 2020. Notice of this filing will be transmitted to counsel of record by operation of the Court's electronic filing system.

                                          */s/ Geoff B. McCarrell*
                                          Geoff B. McCarrell #0086427
                                          CONSUMER LAW PARTNERS, LLC